UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JASON LOPEZ,

      Plaintiff,                             CASE NO.:

vs.

EVERNIA HEALTH CENTER, LLC.
a Florida Limited Liability Company;
PEACE OF MIND COUNSELING SERVICES,
INC., a Florida Profit Corporation;
BEHAVORIAL HEALTH HOLDINGS, INC.,
a Florida Profit Corporation; and LAWRENCE
HAWKINS, individually

      Defendant.
_____/

## COMPLAINT

    Plaintiff, JASON LOPEZ (referred to as "Plaintiff" or "LOPEZ"), by and through his

undersigned counsel, sues Defendants, EVERNIA HEALTH CARE CENTER, LLC, a Florida

Limited Liability Company; PEACE OF MIND COUNSELING SERVICES, INC., a Florida

Profit Corporation; BEHAVORIAL HEALTH HOLDINGS, INC., a Florida Profit Corporation;

and LAWRENCE HAWKINS, individually  (hereinafter collectively referred to as "Defendants"),

and pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq.,

alleges as follows:

## JURISDICTION AND VENUE

    1.    This Court is vested with federal question jurisdiction over this action pursuant to

28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.      Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. § 1391(b), because all actions giving rise to this claim arose in this Judicial Circuit.

## PARTIES

3.      Plaintiff is and has been a resident of St. Lucie County, Florida, at all times material herein.

4.      Defendant, EVERNIA HEALTH CENTER, LLC., a Florida Limited Liability Company, is and has been located at 950 Evernia Street, West Palm Beach in Palm Beach County, Florida, at all times material herein.

5.      Defendant, PEACE OF MIND COUNSELING SERVICES, INC., a Florida Profit Corporation, is and has been located at 950 Evernia Street, West Palm Beach in Palm Beach County, Florida, at all times material herein.

6.      Defendant, BEHAVORIAL HEALTH HOLDINGS, INC., a Florida Profit Corporation, is and has been located at 950 Evernia Street, West Palm Beach in Palm Beach County, Florida, at all times material herein.

7.      At all times material hereto, LAWRENCE HAWKINS (hereinafter "HAWKINS") was and continues to be the CEO of the remaining Defendant entities, and direct contact to whom LOPEZ reported to and who controlled LOPEZ' duties, hours worked, and compensation. Accordingly, HAWKINS was an "employer" of LOPEZ within the meaning of 29 U.S.C. § 203(d).

8.      Defendants owned and operated EVERNIA STATION from Defendants' offices at 950 Evernia Street, West Palm Beach, Florida 33407.

9.      EVERNIA STATION offers complete continuum of care including; medically managed detoxification program, inpatient services, partial hospitalization program, intensive outpatient program, outpatient program, and Medication -Assisted Treatment.

10.     LOPEZ was an employee of Defendants within the meaning of FLSA, 29 U.S.C. § 203(e) and his duties and responsibilities at EVERNIA STATION included, but were not limited to, developing new business for EVERNIA STATION by marketing EVERNIA STATION in the community, touring other facilities, scheduling, arranging and facilitating tours at Evernia Station, interacting with potential patients to provide information regarding the services offered at EVERNIA STATION, interacting with current and past patients to ensure satisfaction with services rendered.

11.     Defendants controlled LOPEZ's duties, hours worked, and compensation. Accordingly, Defendants were LOPEZ' "employer" as defined by the FLSA.

12.     Defendants are employers as defined by FLSA, 29 U.S.C. § 203(d) and have between 15 and 20 employees.

## GENERAL ALLEGATIONS

13.     On August 28, 2019, Plaintiff, JASON LOPEZ, entered into an Employment Agreement, with Defendant, EVERNIA HEALTH CENTER, LLC, including its "Affiliates, Entities, and Subsidiaries". See Employment Agreement attached as **Exhibit 1**.

14.     As set forth in the Employment Agreement, "This Agreement between the Employer and the Employee of the company is an "**bona fide employment relationship",** that is considered to be **exclusive/captive while employed by the company.**"

15.     As part of the Agreement with Defendants, LOPEZ, was to be compensated at an annual rate of $65,000.00. This amount translates into a weekly rate of $1,250.00.

16.     Additionally, as part of the Agreement, LOPEZ was entitled to receive $300.00 per month for travel expenses.

17.     LOPEZ commenced his employment with Defendants at EVERNIA STATION on September 2, 2019.

18.     On September 18, 2019, LOPEZ was issued a check in the amount of $1,250.00 written from the account of Defendant, PEACE OF MIND COUNSELING SERVICES, INC. See redacted check attached as **Exhibit 2**.

19.     LOPEZ attempted to transact this check and the check bounced due to insufficient funds.

20.     Notwithstanding, Defendants, particularly HAWKINS, repeatedly assured LOPEZ that funds were forthcoming

21.     LOPEZ continued to work at EVERNIA STATION, in an exemplary manner until he resigned on November 18, 2019.

22.     LOPEZ continuously worked at EVERNIA STATION for 11 consecutive weeks, however, was never paid by Defendants.

23.     LOPEZ was entitled to payment of $1,250.00 per week for those 11 consecutive weeks, or a total of **$13,750.00**.

24.     Additionally, LOPEZ was entitled to a total of **$900.00** in travel expenses per the Employment Agreement.

25.     All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

26.     LOPEZ, has retained the services of the undersigned Counsel and is obligated to pay for the legal services provided.

## <u>COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")</u>
## <u>AGAINST ALL DEFENDANTS</u>

27.     LOPEZ  realleges and incorporates the allegations in Paragraphs 1 through 26 above as if fully set forth herein.

28.     Defendants violated 29 U.S.C. § 206, the ("Federal minimum wage provision") by failing to compensate LOPEZ at a rate not less than $8.46 an hour.

29.     LOPEZ worked for Defendants 40 hours per week for 11 consecutive weeks. LOPEZ is entitled to under FLSA to be paid minimum wages for each hour worked during his employment with Defendants which equals $3,722.40.

30.     Defendants are not exempt from the minimum wage provision of the FLSA. Withholding pay for hours worked is a violation of the Fair Labor Standards Act.

31.     Defendants' actions were intentional, reckless or malicious.

32.     Defendants' actions were not done in good faith.

33.     As a direct, foreseeable, and proximate cause of Defendants' actions, LOPEZ has been damaged.

34.     LOPEZ, brings forth this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and alleges that he is entitled to the following: (a) unpaid minimum wages as listed above, and (b) liquidated damages.

35.     Specifically, Defendants are liable to LOPEZ for liquidated damages, and attorney fees and costs in conjunction with this action.

36.     LOPEZ seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, JASON LOPEZ, demands judgment against Defendant, EVERNIA HEALTH CENTER, LLC., for all damages for which he may be entitled, including but not limited to:

A.     Unpaid minimum wages found to be due and owing;

B.     An additional and equal amount of liquidated damages;

C.     An award of reasonable attorney's fees and all costs incurred herein; and

D.     All other damages to which Plaintiffs may be entitled.

### COUNT II: BREACH OF CONTRACT - UNPAID WAGE

33.     Plaintiff, JASON LOPEZ, re-alleges and incorporates paragraphs 1 through 22 of this Complaint as set forth in full herein.

34.     This is an action for unpaid wages owed to the Plaintiff, JASON LOPEZ, and attorneys fees and costs are awardable pursuant to Florida Statue 448.08.

35.     At all times material hereto, Plaintiff, JASON LOPEZ, was employed by Defendant, EVERNIA HEALTH CENTER, LLC., developing new business for EVERNIA STATION by marketing EVERNIA STATION in the community, touring other facilities, scheduling, arranging and facilitating tours at Evernia Station, interacting with potential patients to provide information regarding the services offered at EVERNIA STATION, interacting with current and past patients to ensure satisfaction with services rendered.

36.     On August 28, 2019, Plaintiff, JASON LOPEZ, and Defendant, EVERNIA HEALTH CENTER, LLC., entered into an Employment Agreement wherein Plaintiff, JASON LOPEZ, would provide business development services for the benefit of Defendant, EVERNIA HEALTH CENTER, LLC., for which Defendant would compensate Plaintiff pursuant to the terms set forth in said Agreement.

37.   For 11 consecutive weeks, Plaintiff, JASON LOPEZ, performed in an exemplary manner, satisfying all of the requirements as set forth in the Employment Agreement.

38.   On or about November 18, 2019, after 11 consecutive weeks of working for the Defendant, EVERNIA HEALTH CENTER, LLC. without being paid for any of the hours he worked or receiving the reimbursement for travel expenses, Plaintiff, JASON LOPEZ, resigned.

39.   Per the Employment Agreement, Defendant EVERNIA HEALTH CENTER, LLC. agreed to pay the Plaintiff, JASON LOPEZ, $65,000.00 annually which equates to $1,250.00 weekly or $31.25 per hour.

40.   Plaintiff, JASON LOPEZ, worked for 11 weeks without being paid by the Defendant, EVERNIA HEALTH CENTER, LLC. and is owed **$13,750.00** for the uncompensated hours he worked.

41.   Additionally, per the Employment Agreement, Plaintiff, JASON LOPEZ, was entitled to a total of **$900.00** in travel expenses and that amount remains unpaid.

42.   Plaintiff, JASON LOPEZ, fully complied with the terms of the parties' Employment Agreement by performing his job duties in a professionally competent manner.

43.   Defendant, EVERNIA HEALTH CENTER, LLC., breached the Employment Agreement by failing to pay Plaintiff, JASON LOPEZ, his wages owed for the entire 11 weeks that he was employed at EVERNIA STATION.

44.   The breach of the Employment Agreement was material in that the non-payment of wages earned for the 11 consecutive weeks Plaintiff, Jason Lopez, was employed at EVERNIA STATION, violated an essential element of the Employment Agreement.

45.   Plaintiff, JASON LOPEZ, was damaged as a result of wages and travel reimbursement being withheld by Defendant, EVERNIA HEALTH CENTER, LLC.

46.     Defendant, EVERNIA HEALTH CENTER, LLC.'s actions were willful and not in good faith.

**WHEREFORE,** Plaintiff, JASON LOPEZ, prays for judgment against Defendants, EVERNIA HEALTH CARE CENTER, LLC, a Florida Limited Liability Company; PEACE OF MIND COUNSELING SERVICES, INC., a Florida Profit Corporation; BEHAVORIAL HEALTH HOLDINGS, INC., a Florida Profit Corporation; and LAWRENCE HAWKINS, individually , for all damages to which he may be entitled, including, but not limited to:

A.      Judgment for the back pay and travel reimbursement found to be due and owing to the Plaintiff;

B.      Award of reasonable attorneys fees, cost and interest incurred herein; and

C.      Such other relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

Dated December 19, 2019.

Respectfully submitted,

**The Law Office of Gregory S. Sconzo, P.A.**
5080 PGA Boulevard, Suite 213
Palm Beach Gardens, FL 33408
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
JOSEPH G. SCONZO, ESQUIRE
Florida Bar No.: 0508720
**Primary Email:** greg@sconzolawoffice.com
**Primary Email:** jgs@joesconzo.com