UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JASON LOPEZ,

    Plaintiff,                                      CASE NO.: 9:19-cv-81695-RAR

vs.

EVERNIA HEALTH CENTER, LLC.
a Florida Limited Liability Company;
PEACE OF MIND COUNSELING SERVICES,
INC., a Florida Profit Corporation;
BEHAVIORAL HEALTH HOLDINGS, INC.,
a Florida Profit Corporation; and LAWRENCE
HAWKINS, individually

    Defendant.
_____/

## RENEWED JOINT MOTION TO APPROVE SETTLEMENT
## AND FOR ENTRY OF DISMISSAL WITH PREJUDICE

Plaintiff, Jason Lopez, and Defendants, Evernia Health Center, LLC, Peace of Mind Counseling Services, Inc., Behavioral Health Holdings, Inc., and Lawrence Hawkins ("Defendants"), by and through their undersigned counsel, file this Renewed Joint Motion to Approve Settlement and for Entry of Dismissal with Prejudice, and state as follows:

1. In the instant action, Plaintiff claims entitlement to unpaid minimum wage pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA") and breach of contract damages. Specifically, Plaintiff claims he was employed by Defendant from August 2019, through on or about November 2019. Plaintiff claims Defendant failed to pay his wages and travel expenses and violated the Employment Agreement.

2. Defendant disputes Plaintiff's claims, has asserted various defenses, and otherwise contends that Plaintiff's claims are without merit. Nevertheless, in order to avoid the cost and

uncertainty of litigation, and to amicably resolve this dispute without further litigation, the Parties negotiated an FLSA settlement of this matter. The Parties now seek approval of the FLSA settlement from the Court.

3. Pursuant to Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350 (11th Cir. 1982), claims arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor.

4. The Parties have agreed to settle the claims made in this dispute through the execution of a settlement agreement. The Parties represent that, in accordance with the terms of the settlement agreement, Plaintiff is receiving a reasonable and satisfactory recovery of an agreed upon sum as payment for allegedly owed unpaid wages, unpaid travel expenses, plus payment of an agreed upon amount for attorneys' fees and costs. Plaintiff will receive $7,000.00 in unpaid wages and damages. Of the amount, $3,500.00 constitutes full compensation for Plaintiff's lost wages and $3,500.00 constitutes Plaintiff's liquidated damages for lost wages. Plaintiff's counsel will receive $4,500.00 in attorneys' fees and costs.

5. The Parties submit to the Court the Settlement Agreement and General Release (hereinafter "settlement agreement") that has been agreed to between the Plaintiff and Defendant, and that both Parties request that this Court approval the Parties' settlement and dismiss this action with prejudice. The Parties' executed copy of the settlement agreement has been attached as Exhibit A.

6. Plaintiff specifically agrees and stipulates that the terms of the settlement agreement represents a fair and equitable resolution of this matter, as well as full resolution of Plaintiff's reasonable attorneys' fees and costs. Additionally, the Parties have been adequately represented by experienced counsel.

7. The Parties request that the Court approve the parties' settlement as a fair and reasonable resolution of a bona fide dispute under the FLSA.

8. On Plaintiff's behalf, this matter was handled by Sconzo Law Office, P.A., specifically Attorney Gregory S. Sconzo, Attorney Andrea C. Sconzo, Maritza Carmona, Paralegal and Brittany Meikle, Legal Assistant. The firm has expended a total of $10,225.00 on this matter, with an hourly attorney rate of $350.00 and an hourly paralegal and legal assistant rate of $150.00. The total time spent is detailed in the attached invoice as Exhibit B. In addition, the firm has expended costs in this case totaling $580.00 for filing fees, service of process, and mediation fees. Notwithstanding, said amount was reduced to $4,500.00 for the purposes of settlement.

The Parties further stipulate, pursuant to Federal Rule of Civil Procedure 41(a) to the dismissal with prejudice of this action upon approval of the settlement by the Court as requested above and for the Court to retain jurisdiction in order to enforce the terms of the settlement agreement if needed.

WHEREFORE, the Parties respectfully request that this Court enter an Order approving the settlement and dismissing this lawsuit with prejudice.

Dated this 2nd of June, 2020.

| | |
|---|---|
| /s/ Gregory S. Sconzo. Esq.<br>Gregory S. Sconzo, Esq.<br>Florida Bar No. 0105553<br>Sconzo Law Office, P.A.<br>3825 PGA Blvd, Suite 207<br>Palm Beach Gardens, FL 33410<br>T: (561)729-0940<br>F: (561)491-9459<br>Primary E-mail: greg@sconzolawoffice.com<br>Secondary E-mail: sconzolaw@gmail.com<br>Attorney for Plaintiff | **/s/ Jeffrey C. Pepin**<br>Jeffrey C. Pepin, Esq.<br>Florida Bar No.: 416304<br>Kelly Schulz, Esq.<br>Florida Bar #106676<br>REID BURMAN LEBEDEKER XENICK<br>250 S. Australian Avenue, Suite 602<br>West Palm Beach, FL 33401-5006<br>Phone: (561) 659-7700<br>Fax: (561) 659-6377<br>Email: jcp@reidburmanlaw.com<br>kas@reidburmanlaw.com<br>*Attorneys for Defendant* |