**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-CIV-81695-RAR**

**JASON LOPEZ**,

  Plaintiff,

v.

**EVERNIA HEALTH CENTER, LLC,** *et al.*,

  Defendants.
_____/

**ORDER GRANTING RENEWED JOINT MOTION TO**
**APPROVE SETTLEMENT AND DISMISSING CASE WITH PREJUDICE**

**THIS CAUSE** comes before the Court on the parties' Renewed Joint Motion to Approve Settlement and for Entry of Dismissal With Prejudice [ECF No. 54] ("Joint Motion"), filed on June 2, 2020.  Having reviewed the Joint Motion and necessary papers, it is hereby

**ORDERED AND ADJUDGED** that the Joint Motion [ECF No. 54] is **GRANTED** for the reasons stated herein.

**BACKGROUND**

On December 19, 2019, Plaintiff filed a Complaint [ECF No. 1] against Defendants for allegedly failing to pay Plaintiff overtime compensation, thereby violating the Fair Labor Standards Act ("FLSA").  *See generally* Compl.  On June 2, 2020, the parties filed the Joint Motion before the Court indicating they have reached an agreement as to the above-styled action. Specifically, the parties have agreed to resolve this dispute for $11,500 allocated as follows: $3,500 to Plaintiff for his alleged unpaid overtime; $3,500 to Plaintiff as liquidated damages; and $4,500 to Plaintiff's counsel for Plaintiff's reasonable attorneys' fees and costs.  Joint Mot. at 2; Settlement Agreement [ECF No. 54-1] ("Agreement").

## ANALYSIS

Before a court may approve a proposed settlement under the FLSA, it must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Id.* at 1354. The following factors are typically considered when determining whether a settlement is fair and reasonable: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, No. 10-1805, 2012 WL 570060, at *3 (M.D. Fla. Feb. 17, 2012) (citation omitted); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. Apr. 19, 2010).

Additionally, when an employer violates the FLSA, the employer is liable for the amount owed under the FLSA, as well as "an *additional equal amount* as liquidated damages." 29 U.S.C. § 216(b) (emphasis added). The parties may not bargain away the right to liquidated damages. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946) ("[W]e think the remedy of liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage."); *Lynn's Food Stores*, 679 F.2d at 1353 n.8.

## CONCLUSION

Based upon the foregoing analysis, as well as a review of the record and the parties' documented basis for settlement of the instant FLSA case, the Court can approve the Agreement. Accordingly, it is

**ORDERED AND ADJUDGED** that the Joint Motion [ECF No. 54] is **GRANTED**.  The Agreement [ECF No. 54-1] is **APPROVED**.  Plaintiff's claims against Defendants are **DISMISSED** *with prejudice*.  The Court **RETAINS** jurisdiction to enforce the Agreements.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 2nd day of June, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**